**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LEONARDO PERRERO,** et al.,

    **Plaintiff,**

v.                          CASE NO: 6:16-cv-02144-ORL-41TBS

**WALT DISNEY PARKS AND RESORTS U.S., INC.**

    **Defendant.**
_____/

**AMENDED COMPLAINT**

Plaintiffs LEONARDO PERRERO, CHRISTOPHER AELKER, PATRICIA ANGEL, JEFF ARCHER, YAPRAK BALKAN, PHIL BARNETT, KEITH BARRETT, LESLIE CEREP, RAQUEL DILLON, HASAN FAROQ, KEVIN HAERTLING, TOM HORSFIELD, JASON HOULE, JOHN KILLIN, ROBERT KNEER, CHARLES KNOLL, KAREN LARY, JARED LOOPER, THOMAS LYNCH, WILLIEM MCWHORTER, JIM MIDDLETON, DENA MOORE, IVY MOSS, DAVID PASKINS, MARY POORMAN, DAVID POWERS, LEYNA ROSSI, GABE SAPORITO and SCOTT STARKEY (hereinafter "Plaintiffs") and LEONARDO PERRERO on behalf of the all other similarly situated, by and through undersigned counsel, file their Amended Complaint against Defendant, WALT DISNEY PARKS AND RESORTS U.S., INC. (hereinafter "Defendant"), and in support of their claims state as follows:

## JURISDICTION AND VENUE

1. This is an action for damages under Title VII of the Civil Rights Act of 1964 ("Title VII", 42 U.S.C. § 2000e *et seq.*) and Section 1981 the Civil Rights Act of 1866 ("Section 1981", 42 U.S.C. § 1981 *et seq.*) for unlawful discrimination on the basis of national origin and race.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 1355.

3. Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391, because all of the events giving rise to these claims occurred in Orange County, Florida.

## PARTIES

4. The named Plaintiff and class representative, LEONARDO PERRERO (hereinafter "Plaintiff") is an adult resident of Longwood, Florida, who was employed by Defendant as an Application Developer until his termination in 2015.

5. Plaintiff CHRISTOPHER AELKER is an adult resident of Longwood, Florida, who was employed by Defendant as a Technical Support Specialist until his termination in 2015.

6. Plaintiff PATRICIA ANGEL is an adult resident of Orlando, Florida, who was employed by Defendant as a Senior Analyst until her termination in 2015.

7. Plaintiff JEFF ARCHER is an adult resident of Orlando, Florida, who was employed by Defendant as a POS Sustainment Manager until his termination in 2015.

8. Plaintiff YAPRAK BALKAN is an adult resident of Sandy Springs, Georgia, who was employed by Defendant as a Systems Analyst until her termination in 2015.

9. Plaintiff PHIL BARNETT is an adult resident of Apopka, Florida, who was employed by Defendant as a Senior Information Technology Analyst until his termination in 2015.

10. Plaintiff KEITH BARRETT is an adult resident of Celebration, Florida, who was employed by Defendant as a Senior Information Technology Analyst until his termination in 2015.

11. Plaintiff LESLIE CEREP is an adult resident of Orlando, Florida, who was employed by Defendant as a Data Warehouse Analyst until her termination in 2015.

12. Plaintiff RAQUEL DILLON is an adult resident of Lake Mary, Florida, who was employed by Defendant as a Senior Technology Analyst until her termination in 2015.

13. Plaintiff HASAN FAROQ is an adult resident of Coppell, Texas, who was employed by Defendant as a Senior Data Administrator until his termination in 2015.

14. Plaintiff KEVIN HAERTLING is an adult resident of Orlando, Florida, who was employed by Defendant as an Information Technology Analyst until his termination in 2015.

15. Plaintiff TOM HORSFIELD is an adult resident of Orlando, Florida, who was employed by Defendant as a Performance Test Analyst until his termination in 2015.

16. Plaintiff JASON HOULE is an adult resident of Springfield, Massachusetts, who was employed by Defendant as a Programmer Associate until his termination in 2015.

17. Plaintiff JOHN KILLIN is an adult resident of Lake City, Florida, who was employed by Defendant as an Information Technology Specialist until his termination in 2015.

18. Plaintiff ROBERT KNEER is an adult resident of Windermere, Florida, who was employed by Defendant as a Manager of Technology until his termination in 2015.

19. Plaintiff CHARLES KNOLL is an adult resident of Orlando, Florida, who was employed by Defendant as an Application Specialist until his termination in 2015.

20. Plaintiff KAREN LARY is an adult resident of Orlando, Florida, who was employed by Defendant as a Senior Technical Support Specialist until her termination in 2015.

Plaintiff JARED LOOPER is an adult resident of Kissimmee, Florida, who was employed by Defendant as a Senior Business Analyst until his termination in 2015.

21. Plaintiff THOMAS LYNCH is an adult resident of Orlando, Florida, who was employed by Defendant as a Technical Architect Specialist until his termination in 2015.

22. Plaintiff WILLIEM MCWHORTER is an adult resident of Davenport, Florida, who was employed by Defendant as a Quality Assurance and Test Specialist until his termination in 2015.

23. Plaintiff JIM MIDDLETON is an adult resident of Orlando, Florida, who was employed by Defendant as a Manager of Technology until his termination in 2015.

24. Plaintiff DENA MOORE is an adult resident of Kissimmee, Florida, who was employed by Defendant as an Information Technology Developer and Support Specialist until her termination in 2015.

25. Plaintiff IVY MOSS is an adult resident of Clermont Florida who was employed by Defendant as an Application Developer II until her termination in 2015

26. Plaintiff DAVID PASKINS is an adult resident of Clermont, Florida, who was employed by Defendant as a Problem Manager until his termination in 2015.

27. Plaintiff MARY POORMAN is an adult resident of Orlando, Florida, who was employed by Defendant as a Technical Support Specialist until her constructive discharge in 2015.

28. Plaintiff DAVID POWERS is an adult resident of Winter Garden, Florida, who was employed by Defendant as a Principal Database Administrator until his termination in 2015.

29. Plaintiff LEYNA ROSSI is an adult resident of Winter Garden, Florida, who was employed by Defendant as a Senior Support Analyst until her termination in 2015.

30. Plaintiff GABE SAPORITO is an adult resident of Philippi, West Virginia, who was employed by Defendant as an Application Developer Specialist until his termination in 2015.

31. Plaintiff SCOTT STARKEY is an adult resident of Orlando, Florida, who was employed by Defendant as a Senior Database Developer until his termination in 2015.

32. Defendant is a Florida corporation with its principal place of business in Lake Buena Vista, Florida. Defendant operates an amusement park and resort in Lake Buena Vista, in Orange County, Florida. Defendant is a joint employer of the replacement workers described below.

## GENERAL ALLEGATIONS

33. All conditions precedent have been satisfied, or they have been waived.

34. Plaintiffs have hired the undersigned attorneys and agreed to pay them a fee.

35. Plaintiffs request a jury trial for all issues so triable.

36. Plaintiffs are members of a protected class of persons under Title VII, Section 1981.

37. Named Plaintiffs are American-born and/or naturalized American citizens.

38. Plaintiffs were employees whose rights to contract for employment, and enjoy the benefits of employment, are protected under Title VII and Section 1981.

39. Under Title VII and Section 1981, Defendant is an employer prohibited from interfering with any employee's contractual right to enjoy the same benefits, privileges, terms, and conditions of employment that all other employees of Defendant otherwise enjoy, regardless of the employee's of national origin and race.

40. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiffs' protected rights under Title VII and Section 1981.

## FACTS

41. Plaintiffs worked in Defendant's administrative offices.

42. Plaintiffs performed the duties of their positions with Defendant in a satisfactory manner.

43. In October 2014 Plaintiffs and approximately two-hundred fifty (250) employees were notified by Defendant of their termination to take effect on January 31, 2015.

44. Plaintiffs were informed by Defendant that they would be responsible for training the new employees who would then replace them. As stated by Bob Iger, the Chief Executive Officer of Defendant, this was "insulting."

45. Plaintiffs were also informed the group of new employees to be trained would be a combination of individuals either brought to the United States from overseas or working remotely outside of the United States.

46. By the end of October 2014, Plaintiffs' replacements were brought in under the direction and management of Defendant and Plaintiffs began training them.

47. Each new trainee was of Indian national origin.

48. During the training period, Defendant created a hostile work environment by treating Plaintiffs differently than before. Specifically, Defendant was now being curt and unprofessional towards Plaintiffs but treating the foreign replacements with special treatment.

49. Between October 2014 and January 31, 2015, Plaintiffs applied for employment in several available positions posted by Defendant.

50. Plaintiffs were well-qualified for these positions, but were denied further employment with Defendant.

51. On or about January 31, 2015, Defendant terminated the employment of Plaintiffs based solely on their national origin and race, replacing them with Indian nationals.

## CLASS ACTION ALLEGATIONS

52. Plaintiff PERRERO brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following persons:

> **All American-born or naturalized American citizen former employees of Defendant who were issued notices of termination in October 2014 who were subsequently terminated in January 2015 and replaced by an Indian national.**

53. Numerosity: The Class is so numerous that joinder of all Class members is impracticable. On information and belief, hundreds or thousands of individuals satisfy the definition of the Class.

54. Typicality: Plaintiff Perrero's claims are typical of the Class. The adverse employment action suffered by Plaintiff, specifically termination of American-born and/or naturalized American citizens in favor of younger male replacements of Indian national origin, was uniform in its application to all Class Members.

55. Adequacy: Plaintiff Perrero will fairly and adequately protect the interests of the putative Class members, has no interests antagonistic to the class, and has retained counsel experienced in complex class action litigation.

56. Commonality: Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual

members of the Class, including but not limited to:

 (a) Whether Class Members are employees whose rights to contract for employment, and enjoy the benefits of employment, are protected under Title VII and Section 1981.

 (b) Whether Defendant is an employer prohibited from interfering with any employee's contractual right to enjoy the same benefits, privileges, terms, and conditions of employment that all other employees of Defendant otherwise enjoy, regardless of the employee's of national origin and race.

 (c) Whether Defendant took adverse and unlawful employment action against Class Members in violation of Title VII and Section 1981.

 (d) Whether (and the extent to which) other relief should be granted based on Defendant's failure to comply with Title VII and Section 1981.

57. Class members do not have an interest in pursuing separate individual actions against Defendant, as the amount of each Class Member's individual claim is relatively small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class Member's claims in a single action.

58. As to all claims below, Plaintiff Perrero seeks certification of the class described above. In addition, Plaintiff Perrero requests that this Court order notices be issued to all such individuals informing them of their right to opt into this litigation pursuant to that statute to the extent allowed by Rule 23(c)(2) of the Federal Rules of Civil Procedure.

59. The names and addresses of the Putative Class Members and are available from Defendant's records.

### COUNT I- CLASS CLAIM – 42 U.S.C § 2000e *et seq* VIOLATION
### (NATIONAL ORIGIN DISCRIMINATION)

60. Plaintiff PERRERO on behalf of the Class realleges and readopts the allegations of paragraphs 1 through 59 of this Complaint, as though fully set forth herein.

61. Plaintiffs are members of a protected class under Title VII.

62. Plaintiffs were subjected to disparate treatment on the basis of their national origin, including termination of employment.

63. Defendant knew or should have known of the disparate treatment suffered by Plaintiffs, and failed to intervene or to take prompt and effective remedial action in response.

64. Defendant's actions were willful and done with malice.

65. Plaintiffs were injured due to Defendant's violations of Title VII, for which Plaintiffs are entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff Perrero on behalf of the Class, demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of Title VII by Defendant;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiffs to a position comparable to each of Plaintiff's prior position, or in the alternative, front pay;

f) Any other compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained.

i) All costs and attorney's fees incurred in prosecuting these claims; and

j) For such further relief as this Court deems just and equitable.

## COUNT II- CLASS CLAIM – 42 U.S.C § 2000e *et seq* VIOLATION
### (HOSTILE WORK ENVIRONMENT)

66. Plaintiff PERRERO on behalf of the Class realleges and readopts the allegations of paragraphs 1 through 59 of this Complaint, as though fully set forth herein.

67. Plaintiffs are members of a protected class under Title VII.

68. Plaintiffs were subjected to hostile work environment that was sufficiently severe or pervasive to alter the terms and conditions of their employment with Defendant, up to and including the termination of Plaintiffs' employment.

69. Defendant knew or should have known of the hostile work environment suffered by Plaintiffs, and failed to intervene or to take prompt and effective remedial action in response.

70. Defendant's actions were willful and done with malice.

71. Plaintiffs were injured due to Defendant's violations of Title VII, for which Plaintiffs are entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff Perrero on behalf of the Class, demands:

k) A jury trial on all issues so triable;

l) That process issue and that this Court take jurisdiction over the case;

m) An injunction restraining continued violation of Title VII by Defendant;

n) Compensation for lost wages, benefits, and other remuneration;

o) Reinstatement of Plaintiffs to a position comparable to each of Plaintiff's prior position, or in the alternative, front pay;

p) Any other compensatory damages, including emotional distress, allowable at law;

q) Punitive damages;

r) Prejudgment interest on all monetary recovery obtained.

s) All costs and attorney's fees incurred in prosecuting these claims; and

t) For such further relief as this Court deems just and equitable.

### COUNT III-CLASS CLAIM– 42 U.S.C. § 1981 VIOLATION
### (RACE DISCRIMINATION)

72. Plaintiff PERRERO on behalf of the Class realleges and readopts the allegations of Paragraphs 1 through 59 of this Complaint, as though fully set forth herein.

73. Plaintiffs are members of a protected class of persons under Section 1981.

74. Plaintiffs were subjected to disparate treatment by Defendant based solely on race or color and ancestry, including termination of employment.

75. The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

76. Defendant's actions were willful and done with malice.

77. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiffs, Plaintiffs have suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

78. Plaintiffs were injured due to Defendant's violations of Section 1981, for which Plaintiffs are entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff Perrero on behalf of the Class, demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiffs were unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

    (f)    Reinstatement of Plaintiffs to a position comparable to their prior position, or in the alternative, front pay;

    (g)    Prejudgment interest on all monetary recovery obtained;

    (h)    All costs and attorney's fees incurred in prosecuting these claims; and

    (i)    For such further relief as this Court deems just and equitable.

### COUNT IV-INDIVIDUAL PLAINTIFFS' CLAIM – 42 U.S.C § 2000e *et seq* VIOLATION
### (NATIONAL ORIGIN DISCRIMINATION)

79. Plaintiffs reallege and readopt the allegations of paragraphs 1 through 59 of this Complaint, as though fully set forth herein.

80. Plaintiffs are members of a protected class under Title VII.

81. Plaintiffs were subjected to disparate treatment on the basis of their national origin, including termination of employment.

82. Defendant knew or should have known of the disparate treatment suffered by Plaintiffs, and failed to intervene or to take prompt and effective remedial action in response.

83. Defendant's actions were willful and done with malice.

84. Plaintiffs were injured due to Defendant's violations of Title VII, for which Plaintiffs are entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiffs demand:

    u)    A jury trial on all issues so triable;

    v)    That process issue and that this Court take jurisdiction over the case;

w) An injunction restraining continued violation of Title VII by Defendant;

x) Compensation for lost wages, benefits, and other remuneration;

y) Reinstatement of Plaintiffs to a position comparable to each of Plaintiff's prior position, or in the alternative, front pay;

z) Any other compensatory damages, including emotional distress, allowable at law;

aa) Punitive damages;

bb) Prejudgment interest on all monetary recovery obtained.

cc) All costs and attorney's fees incurred in prosecuting these claims; and

dd) For such further relief as this Court deems just and equitable.

## COUNT V-INDIVIDUAL PLAINTIFFS' CLAIM – 42 U.S.C. § 1981 VIOLATION (RACE DISCRIMINATION)

85. Plaintiffs reallege and readopt the allegations of Paragraphs 1 through 59 of this Complaint, as though fully set forth herein.

86. Plaintiffs are members of a protected class of persons under Section 1981.

87. Plaintiffs were subjected to disparate treatment by Defendant based solely on race or color and ancestry, including termination of employment.

88. The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

89. Defendant's actions were willful and done with malice.

90. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiffs, Plaintiffs have suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

91. Plaintiffs were injured due to Defendant's violations of Section 1981, for which Plaintiffs are entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiffs demand:

(j) A jury trial on all issues so triable;

(k) That process issue and that this Court take jurisdiction over the case;

(l) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiffs were unlawfully deprived;

(m) Compensatory damages, including emotional distress, allowable at law;

(n) Punitive damages;

(o) Reinstatement of Plaintiffs to a position comparable to their prior position, or in the alternative, front pay;

(p) Prejudgment interest on all monetary recovery obtained;

(q) All costs and attorney's fees incurred in prosecuting these claims; and

(r) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiffs individually, and Plaintiff Perrero on behalf of the Class, demand trial by jury as to all issues so triable.

Dated this 25th day of January, 2017.

                              Respectfully submitted,

                              /s/ Luis A. Cabassa

                              **LUIS A. CABASSA**
                              Florida Bar Number: 0053643
                              **WENZEL FENTON CABASSA, P.A.**
                              1110 N. Florida Avenue, Suite 300
                              Tampa, Florida 33602
                              Main Number: 813-224-0431
                              Direct Dial: (813) 379-2565
                              Facsimile: 813-229-8712
                              Email: lcabassa@wfclaw.com
                              Email: twells@ wfclaw.com
                              **Attorneys for Plaintiffs**

                              **And**

                              **SARA BLACKWELL**
                              Florida Bar No. 09443
                              **THE BLACKWELL FIRM**
                              2243 Palm Terrace
                              Sarasota, Florida, 34321
                              Main No. 941-961-3046
                              Email: Sara@theblackwellfirm.com
                              **Attorney for Plaintiffs**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 25th day of January, 2017, the foregoing was electronically filed with the Clerk of the Court via the CM/ECF system, which will send a notice of electronic filing to:

Mary Ruth Houston
Glennys Ortega Rubin
Shutts & Brown, LLP
300 South Orange Avenue
Suite 1000
Orlando, FL 32801
Email: mhouston@shutts.com
Email: grubin@shutts.com

**LUIS A. CABASSA**