UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LEONARDO PERRERO,
CHRISTOPHER AELKER, PATRICIA
ANGEL, JEFF ARCHER, YAPRAK
BALKAN, KEITH BARRETT, LESLIE
CEREP, HASAN FAROQ, KEVIN
HAERTLING, TOM HORSFIELD,
JASON HOULE, JOHN KILLLIN,
ROBERT KNEER, CHARLES KNOLL,
KAREN LARY, JARED LOOPER,
THOMAS LYNCH, WILLIEM
MCWHORTER, JIM MIDDLETON,
DENA MOORE, IVY MOSS, MARY
POORMAN, DAVID POWERS, LEYNA
ROSSI and SCOTT STARKEY,**

      **Plaintiffs,**

v.                                                     Case No:  6:16-cv-2144-Orl-41TBS

**WALT DISNEY PARKS AND
RESORTS U.S. INC.,**

      **Defendant.**

## ORDER

THIS CAUSE is before the Court on Defendant's Motion to Dismiss (Doc. 19). Plaintiffs filed a Response in Opposition (Doc. 20), to which Defendant filed a Reply (Doc. 25). For the reasons set forth herein, the motion will be granted.

### I.   BACKGROUND

Plaintiffs, a group of Defendant's former employees, allege that Defendant discriminated against them on the basis of race and national origin in violation of their rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, ("Title VII") and 42 U.S.C. § 1981. (Am. Compl., Doc. 17, ¶¶ 4–32, 60–91). Plaintiffs allege that in October 2014

approximately 250 employees in Defendant's administrative offices were informed that they would be terminated, effective January 31, 2015. (*Id.* ¶¶ 41, 43). Between October 2014 and January 2015, Defendant allegedly required Plaintiffs to train the individuals that would replace them, which consisted of a combination of individuals brought to the United States from overseas and individuals working remotely from outside of the United States. (*Id.* ¶¶ 44–46).

Plaintiffs allege that during the training period, Defendant was "curt and unprofessional" toward them and gave the new individuals specialized treatment. (*Id.* ¶ 48). Plaintiffs further claim that they applied for several available positions posted by Defendant, for which they were qualified, but were denied further employment. (*Id.* ¶¶ 49–50). On January 31, 2015, Plaintiffs were ultimately terminated. (*Id.* ¶ 51). Plaintiffs, who are American-born or naturalized American citizens, allege that Defendant discriminated against them on the basis of race and national origin in favor of Plaintiffs' replacements, who are allegedly of Indian national origin. (*Id.* ¶¶ 37, 47, 51). Defendant now seeks dismissal of the Amended Complaint.

## II.  LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. ANALYSIS

Defendant argues that the entire Amended Complaint should be dismissed for failure to state a plausible claim for discrimination and that Plaintiffs Angel, Archer, Crepe, Houle, and Moss's Title VII claims should be dismissed for failure to exhaust administrative remedies.[1]

#### A. Failure to Exhaust

"Before commencing a lawsuit under Title VII, a plaintiff must first exhaust administrative remedies." *Wen Liu v. Univ. of Miami Sch. of Med.*, No. 15-14351, 2017 WL 2210867, at *1 (11th Cir. May 19, 2017). This includes filing a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *Id.* at *2. "An EEOC charge is timely in a deferral state, like Florida, if filed within 300 days of the last discriminatory act." *Id.*

The parties do not dispute that Plaintiffs Angel, Archer, Crepe, Houle, and Moss did not timely file charges of discrimination. Rather, Plaintiffs argue that the single-filing rule should apply, which would allow those individuals to "piggyback" off the timely filed claims of other Plaintiffs. *See Calloway v. Partners Nat'l Health Plans*, 986 F.2d 446, 449 (11th Cir. 1993). A plaintiff may rely on the EEOC charge of another plaintiff if the following conditions are met: "(1) the charge being relied upon must be timely and not otherwise defective; and (2) the individual

---

[1] Defendant also moved to dismiss Plaintiff Paskins' claims for failure to exhaust, but Paskins later stipulated to the dismissal of his claims. (*See* Notice of Voluntary Dismissal, Doc. 36; Apr. 14, 2017 Order, Doc. 37).

claims of the filing and non-filing plaintiffs must have arisen out of similar discriminatory treatment in the same time frame." *Id.* Defendant argues, however, that the above-named Plaintiffs cannot meet the second prong of the test because it applies only to *non-filing* plaintiffs. Defendant argues that once an individual files a charge, timely or not, that individual is bound by his charge and cannot benefit from the single-filing rule.

Courts that have addressed this issue are divided, and the Eleventh Circuit has not yet addressed this specific issue. *See Campbell v. Nat'l R.R. Passenger Corp.*, 163 F. Supp. 2d 19, 25–26 (D.D.C. 2001) (noting the split in authority). However, in *Gitlitz v. Compagnie Nationale Air France*, the Eleventh Circuit held that a claimant that filed an EEOC charge but then failed to timely file suit after receiving his or her right-to-sue letter would not be permitted to piggyback under the single-filing rule. 129 F.3d 554, 558 (11th Cir. 1997). In doing so, the Eleventh Circuit adopted the reasoning of the Fifth and Eighth Circuits that once a claimant has filed his own charge he is bound by the parameters of that charge because to allow otherwise would be to allow a claimant a second bite at the apple. *Id.* at 557–58 (citing *Anderson v. Unisys Corp.*, 47 F.3d 302, 308–09 (8th Cir. 1995); *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1223–24 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003)). The Court sees no reason why the same reasoning would not apply equally in this instance. *See Rodrigues v. SCM I Invs., LLC*, No. 2:15-cv-128-FtM-29CM, 2015 WL 6704296, at *6 (M.D. Fla. Nov. 2, 2015). Therefore, Plaintiffs Angel, Archer, Crepe, Houle, and Moss's Title VII claims will be dismissed with prejudice.

    B.    **Failure to Plead**

Defendant also argues that Plaintiffs have failed to plead sufficient facts to state plausible claims for relief under either Title VII or § 1981.[2] After reviewing the Amended Complaint, this Court is unable to address Defendant's arguments. The Amended Complaint fails to provide this Court with a clear understanding of the legal theory being asserted by Plaintiffs. The Amended Complaint alleges that Plaintiffs' claims stem from discrimination including termination, which would appear to set forth a discriminatory termination cause of action. However, the Amended Complaint also alleges, numerous times, that Plaintiffs applied for positions for which they were qualified but not hired. This would appear to be either an allegation that Defendant failed to rehire Plaintiffs as a result of discrimination or is an attempt to assert claims under a discriminatory reduction in workforce theory. Each of these theories has different elements that must be pleaded and proved.[3] *See Whitehurst v. Liquid Envtl. Sols., Inc.*, 45 F. Supp. 3d 1328, 1345 (M.D. Fla. 2014) ("A plaintiff establishes a *prima facie* case of discrimination under Title VII by showing: (1) he is a member of the protected class; (2) he was subjected to adverse employment action; (3) his employer treated similarly situated white employees more favorably; and (4) he was qualified to do the job." (quotation omitted)); *Trask v. Sec'y, Dep't of Veterans Affairs*, 822 F.3d 1179, 1191 (11th Cir. 2016) ("In a typical failure-to-hire scenario, the plaintiff establishes a prima facie case of unlawful discrimination by demonstrating that: (1) she was a member of a protected class; (2) she applied and was qualified for a position for which the employer was accepting applications;

---

[2] Defendant also argues that Plaintiffs fail to properly differentiate between their discrimination claims and hostile work environment claims. However, in their Response, Plaintiffs consent to the dismissal of their hostile work environment claim. (Doc. 20 at 8). Accordingly, the Court will not address this argument, and Count II will be dismissed without prejudice.

[3] "Discrimination claims, whether brought under Title VII, [§] 1981, or the [Florida Civil Rights Act], are subject to the same standards of proof and employ the same analytical framework." *Walters v. McDonald*, No. 2:14-cv-602-FtM-29MRM, 2016 WL 4079982, at *4 (M.D. Fla. Aug. 1, 2016).

(3) despite her qualifications, she was not hired; and (4) the position remained open or was filled by another person outside of her protected class." (quotation omitted)); *Fuller v. Edwin B. Stimpson Co. Inc.*, 598 F. App'x 652, 653 (11th Cir. 2015) ("In situations involving a reduction in force, a modified prima facie formulation may apply, which allows a case of discrimination to be established by presenting evidence showing, not dissimilar treatment, but that the employer intended to discriminate against the plaintiff in making the discharge decision. To establish intent, a plaintiff must proffer evidence that the defendant (1) consciously refused to consider retaining the plaintiff because of his race or (2) regarded race as a negative factor in such consideration." (internal citation omitted)).

This Court will not attempt to guess what legal theory or theories Plaintiffs are attempting to rely on, nor will it evaluate all potentially applicable theories to determine which—if any—Plaintiffs can successfully plead. It is Plaintiffs' duty to clearly articulate the basis of their claims. Accordingly, the Amended Complaint will be dismissed, and Plaintiffs will be given an opportunity to amend. Should Plaintiffs choose to do so, they should clearly articulate under what legal theory of discrimination they are proceeding for each claim and, if pleading in the alternative, should clearly express their intention to do so. Finally, Plaintiffs are cautioned that this Court is not required to allow any party unlimited attempts to correct its pleadings. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not . . . allow an amendment . . . where there has been . . . repeated failure to cure deficiencies by amendments previously allowed.").

### IV. CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion to Dismiss (Doc. 19) is **GRANTED**.

2. Count IV of the Amended Complaint (Doc. 17) is **DISMISSED with prejudice** as to Plaintiffs Angel, Archer, Crepe, Houle, and Moss. The remainder of the Amended Complaint is **DISMISSED without prejudice**.

3. **On or before August 23, 2017**, Plaintiffs may file a Second Amended Complaint in compliance with this Order.

**DONE** and **ORDERED** in Orlando, Florida on August 10, 2017.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record