# Exhibit A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LEONARDO PERRERO, et al.,

    Plaintiffs,

v.                                  Case No.: 6:16-cv-02144-ORL-41TBS

WALT DISNEY PARKS
AND RESORTS U.S., INC.,

    Defendant.

_____/

### WALT DISNEY PARKS AND RESORTS U.S., INC.'S NOTICE OF SERVING ANSWERS AND OBJECTIONS TO PLAINTIFF LEONARDO PERRERO'S FIRST SET OF INTERROGATORIES

Defendant, WALT DISNEY PARKS AND RESORTS U.S., INC. ("Disney Parks"), by and through its undersigned attorneys and pursuant to Fed. R. Civ. P. 33, hereby gives Notice of Serving Answers and Objections to Plaintiff LEONARDO PERRERO's First Set of Interrogatories in the above-referenced matter.

                                                  /s/ Mary Ruth Houston
                                                MARY RUTH HOUSTON, ESQ.
                                                Florida Bar No.: 834440
                                                Email:mhouston@shutts.com
                                                GLENNYS ORTEGA RUBIN, ESQ.
                                                Florida Bar No. 556361
                                                Email:grubin@shutts.com
                                                **SHUTTS & BOWEN LLP**
                                                300 South Orange Avenue, Suite 1000
                                                Orlando, Florida 32801
                                                Telephone: (407) 423-3200
                                                Facsimile: (407) 425-8316
                                                *Attorneys for Defendant, Walt Disney Parks and Resorts U.S., Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via electronic mail and U.S. Mail, postage prepaid, this 3rd day of May, 2017, upon the following counsel of record for plaintiff:

Luis A. Cabassa
Wenzel Fenton Cabassa, P.A.
1110 N. Florida Ave., Ste. 300
Tampa, FL 33602
Telephone: 813-224-0431
Email: lcabassa@wfclaw.com
Email: twells@wfclaw.com

Sara Blackwell
The Blackwell Firm
2243 Palm Terrace
Sarasota, FL 34321
Telephone: 941-961-3046
E-mail: sara@theblackwellfirm.com

/s/ Mary Ruth Houston
OF COUNSEL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LEONARDO PERRERO, et al.,

    Plaintiffs,

v.

Case No.: 6:16-cv-02144-ORL-41TBS

WALT DISNEY PARKS
AND RESORTS U.S., INC.,

    Defendant.

_____/

## WALT DISNEY PARKS AND RESORTS U.S., INC.'S ANSWERS AND OBJECTIONS TO PLAINTIFF LEONARDO PERRERO'S FIRST SET OF INTERROGATORIES

Defendant, WALT DISNEY PARKS AND RESORTS U.S., INC. ("Disney Parks"), by and through its undersigned attorneys and pursuant to Fed. R. Civ. P. 33, hereby answers Plaintiff LEONARDO PERRERO's First Set of Interrogatories in the above-referenced matter. "Plaintiff" as used below specifically refers to Leonardo Perrero.

### GENERAL OBJECTIONS

Disney Parks hereby incorporates each of these general answers and objections into its specific answers and objections to each of Plaintiff's Interrogatories, whether or not it refers to such general answers and objections in its specific answer to an Interrogatory.

1. Disney Parks objects to the definitions and instructions of Plaintiff's First Set of Interrogatories to the extent they are vague and ambiguous, overly broad, call for information not relevant to any claim or defense, and to the extent they seek to impose requirements not otherwise specified or required by the Federal Rules of Civil Procedure.

2. Disney Parks further objects to the extent such definitions and instructions could be construed to require the production of information protected by the attorney-client, work

product, and any other applicable privileges, and to the extent such definitions and instructions call for information or documents of non-parties to this litigation.

3. All answers and objections are based on information presently known to Disney Parks after reasonable inquiry to date. Disney Parks's answers and objections as set forth herein are made without prejudice to Disney Parks's right to assert additional or supplemental objections or to provide additional or supplemental answers.

4. Nothing contained herein is an admission of the relevance or admissibility of any answer.

## INTERROGATORIES

1. Please identify each and every person who answered any of these interrogatories, provided information for any answer, provided advice, or in any other way took part in the preparation of these answers, describing for each person so identified what part he or she performed in the answering of these interrogatories.

**ANSWER:** Disney Parks objects to Interrogatory No. 1 on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and calls for information protected from disclosure by the attorney-client communication and/or work product privileges.

In response to Interrogatory No. 1, Disney Parks does not object to identifying the individual executing these interrogatories. These interrogatories are executed on behalf of Disney Parks by Jim Bowden, Director – Employee Relations.

2. Please identify all persons who have knowledge of any of the allegations in the Plaintiff's Complaint or your Answer to the Complaint; and for each person please state:

    (a) the person's name, current address and telephone number.
    (b) the paragraphs of the Complaint or Answer of which the person has knowledge.
    (c) a summary of the specific information that the person has about the paragraph or the paragraphs of which he or she has knowledge.

ANSWER: Disney Parks objects to Interrogatory No. 2 on the grounds it is overly broad, unduly burdensome and is not proportional to the needs of the case. In particular, the interrogatory calls for "all persons who have knowledge of any of the allegations" in this multi-plaintiff action and is not limited to the allegations of the Amended Complaint particular to Plaintiff. Disney Parks further objects to the interrogatory to the extent it calls for private information of persons not parties to this action and calls for information protected from disclosure by the attorney-client and/or work product privileges. Disney Parks also objects to the extent the interrogatory is premature; Disney Parks has not answered the Amended Complaint, which is the subject of a motion to dismiss.

In response to Interrogatory No. 2, Disney Parks does not object to identifying those individuals listed in its Rule 26 disclosures who are described as (1) having knowledge regarding the IT Department Reorganization ("IT reorganization") or (2) knowledge specific to Plaintiff.

3. Please indicate whether Defendant conducted any evaluations of Plaintiff's job performance. If so, please state the following with respect to each evaluation, regardless of whether the evaluation was written or oral:

   (a) the name of each person evaluating Plaintiff;
   (b) the date on which the evaluation was conducted;
   (c) the substance of the evaluation, described in detail;
   (d) whether the result of the evaluation was communicated to Plaintiff.

ANSWER: Disney Parks objects to Request No. 3 on the grounds that it is vague and ambiguous, particularly as to what is meant by "evaluation," overly broad, unduly burdensome, calls for information not relevant to any claim or defense, and is not reasonably limited in time.

In responding to Interrogatory No. 3, and pursuant to Fed. R. Civ. P. 33(d), Disney Parks does not object to providing performance evaluations contained in Plaintiff's personnel file, as maintained by Employee Administrative Services ("EAS File"),[1] which file is to be produced in response to Plaintiff's First Request for Production.

---

[1] Plaintiff's EAS File has been redacted to remove social security numbers and personal information related to family members.

4. Set forth in detail each and every fact with regard to the termination of Plaintiff's employment, including:

    (a) the name, job title, and address of the person who made the initial recommendation to discharge Plaintiff, and the date of such recommendation;
    (b) the name, job title, and address of the person who made the ultimate decision to discharge Plaintiff, and the date that the ultimate decision was made;
    (c) the name, job title, and address of each person who participated in the decision;
    (d) specify how each person identified in (c) participated in the decision;
    (e) the specific reasons why Plaintiff was discharged;
    (f) the effective date of discharge;
    (g) the name of the person who informed Plaintiff that she was discharged and a summary of the conversation through which Plaintiff was informed that she was discharged; and
    (h) the name of each person present at the conversation during which Plaintiff was discharged.

**ANSWER:** Disney Parks objects to Interrogatory No. 4 on the grounds that it is vague and ambiguous, particularly as to what is meant by "participated in the decision," overly broad, unduly burdensome, and calls for information not relevant to any claim or defense. Disney Parks further objects to Interrogatory No. 4 on the grounds that the decision made was not to "discharge" Plaintiff. Instead, as part of the reorganization, the maintenance functions performed by Plaintiff were outsourced to an outside commercial vendor who hired its own employees and made its own staffing decisions. Employees whose positions were affected by the IT reorganization were provided opportunities to look for other positions within Disney Parks or its affiliates. If they were unable to locate another position, the effective date of the layoff was on or about January 31, 2015.

Disney Parks further states that the final decisions regarding whose positions would be affected were made in October 2014. Douglas Leckie, VP – Operations & Fulfillment Technology, was the decision maker relative to Plaintiff's work group. Mr. Leckie can be contacted c/o Shutts & Bowen LLP. Plaintiff's work group was informed of the decision in a group meeting on or about October 31, 2014. Pursuant to Fed. R. Civ. P. 33(d), Disney Parks refers to the documents to be produced in response to Plaintiff's First Request for Production.

5. Identify all lawsuits involving claims of discrimination brought under 42 U.S.C. §1981, the Civil Rights Act of 1964, as amended ("Title VII,"42 U.S.C. §2000e et seq.), or the

Florida Civil Rights Act of 1992, as amended ("FCRA," Fla. Stat. §760.01 et seq.) against Defendant within the last ten years. Identify all person(s) with knowledge of the information contained in your answer, and identify all documents that support your answer.

**ANSWER:** Disney Parks objects to Interrogatory No. 5 on the grounds that it calls for information not relevant to any claim or defense, is overly broad, unduly burdensome, is not proportional to the needs of the case, and is not reasonably limited in time. In particular, the scope of this interrogatory includes employees, decision makers, business units, and types of discrimination claims that are irrelevant to any claim or defense in this action.

6. Identify all disciplinary action received by Plaintiff during her employment with Defendant, including the date on which each such action was taken, the nature of each such action, the reasons given by Defendant for taking each such action, and the names of each person who issued the order to take such action against Plaintiff.

**ANSWER:** Disney Parks objects to Interrogatory No. 6 on the grounds that it is overly broad, unduly burdensome, and vague and ambiguous, particularly as to what is meant by "disciplinary action." Disney Parks further objects to the extent it calls for information not relevant to any claim or defense in this action and is not reasonably limited in time.

In response to Interrogatory No. 6, Disney Parks does not object to providing any information regarding discipline contained in the EAS File pertaining to Plaintiff. Pursuant to Fed. R. Civ. P. 33(d), Disney Parks refers to the EAS File pertaining to Plaintiff to be produced in response to Plaintiff's First Request for Production.

7. With respect to each and every defense, affirmative defense or counterclaim asserted by Defendant in response to Plaintiff's Complaint, state separately for each such defense or counterclaim any and all factual and legal support for each asserted defense or counterclaim, and identify all witnesses who have knowledge of the facts which support each defense or counterclaim. Identify all person(s) with knowledge of the information contained in your answer, and identify all documents that support your answer.

**ANSWER:** Disney Parks objects to Interrogatory No. 7 on the grounds that it is vague and ambiguous, particularly in its references to "any and all factual and legal support" and "all documents that support your answer," overly broad, unduly burdensome, and not proportional to the needs of the case. Disney Parks further incorporates its response (including objections) to Interrogatory No. 2, and objects to the extent this interrogatory impermissibly invades the attorney-client and/or work product privileges, and/or calls for trade secrets, and/or information that is proprietary or otherwise confidential. Disney Parks also objects because the interrogatory is premature; Disney Parks has not yet answered the Amended Complaint, which is the subject of a motion to dismiss.

8. Please identify all employees who worked for Defendant at the same facility where Plaintiff worked, and received disciplinary action issued by Ross McCullough between May 30, 2011 and January 31, 2015. For each employee so identified, list the employee's name, dates of employment, nature of the disciplinary action that was taken, reason for the disciplinary action, and date on which the action was taken.

**ANSWER:** Disney Parks objects to Interrogatory No. 8 on the grounds that it is vague and ambiguous, including in its references to the "same facility where Plaintiff worked" and "disciplinary action," is overly broad, unduly burdensome, is not proportional to the needs of the case, calls for information not relevant to any claim or defense and is not reasonably limited in time. Disney Parks further objects because the interrogatory requests private information about persons not parties to this action.

9. Please identify by race and national origin of all employees reporting to Plaintiff's direct supervisor during the year preceding Plaintiff's date of termination, including their date of hire and date of termination.

**ANSWER:** Disney Parks objects to Interrogatory No. 9 on the grounds that it is overly broad, unduly burdensome, is not proportional to the needs of the case, and calls for information not relevant to any claim or defense in this action. In particular, Plaintiff's direct supervisor was not the decision maker as to those positions that would be eliminated as a result of the IT reorganization.

In response to Interrogatory No. 9, Disney Parks does not object to identifying the races identified in EEO-1 reports (if races were identified) of those persons whose positions were affected by the IT reorganization. Pursuant to Fed R. Civ. P.

33(d), Disney Parks refers to the data to be produced in response to Request No. 25 of Plaintiff's First Request for Production pursuant to a mutually agreeable confidentiality agreement.

10. Please identify all persons who were considered for the position held by Plaintiff after Plaintiff was terminated from employment.

**ANSWER:** Disney Parks objects to Interrogatory No. 10 on the grounds that Disney Parks did not consider anyone for Plaintiff's position. Plaintiff was not replaced. Instead, the maintenance functions performed by Plaintiff were outsourced to an outside commercial vendor who hired its own employees and made its own staffing decisions. The individuals performing those functions were not the employees of Disney Parks.

11. State whether you or any attorney or representative acting on your behalf has obtained from any person or entity any statements, reports, memoranda or recordings that in any way concern the facts of this case or the matter alleged in your pleadings.

    (a) If your answer is in the affirmative, separately identify the author of each such statement, report, memorandum or recording; the person or persons to whom such statement, report, memorandum or recording was issued, distributed or otherwise provided; the present location and custodian of each such statement, report, memorandum or recording; and state the date on which each such statement, report, memorandum or recording was prepared.

**ANSWER:** Disney Parks objects to Interrogatory No. 11 on the grounds that it impermissibly invades or calls for information protected from disclosure by the attorney-client communication and/or work product privileges. Disney Parks further objects on the grounds that it is vague and ambiguous, particularly as to the references to "statements" (which could include any email ever generated), "any person or entity" and that "in any way concerns the facts of this case." Disney Parks further objects as this interrogatory is overly broad, unduly burdensome, and not proportional to the needs of the case.

12. Please identify all contacts with the employer's integrity line/ hotline alleging discrimination, harassment, or retaliation on account of race and national origin by anyone

- 7 -

within the department to which Plaintiff was assigned during the year preceding Plaintiff's termination from employment.

**ANSWER:** Disney Parks objects to Interrogatory No. 12 on the grounds that it is vague and ambiguous, unduly burdensome, calls for information not relevant to any claim or defense, is not proportional to the needs of the case, and calls for the private information of persons other than Plaintiff.

In further responding, Disney Parks states that it has conducted a reasonable search and has not identified any reports of race or national origin discrimination, harassment based on race or national origin, or race or national origin based retaliation claims made by employees in the Walt Disney World Information Technology Department to the Company Guideline (800-699-4870) in the one-year period preceding January 31, 2015.

13. Please indicate whether you have discovered any other information that could have supported your decision to terminate Plaintiff's employment, since the date on which Plaintiff was terminated from employment. If so, please state the nature of all responsive information obtained. Identify all person(s) with knowledge of the information contained in your answer, and identify all documents that support your answer.

**ANSWER:** Disney Parks objects to Interrogatory No. 13 to the extent that it impermissibly invades or calls for information protected from disclosure by the attorney-client and/or work product privileges. Disney Parks further objects on the grounds that the interrogatory is vague and ambiguous, particularly in its reference to "other information that could have support your decision . . . since the date Plaintiff was terminated," overly broad, unduly burdensome, and is not proportional to the needs of the case.

In further answering Interrogatory No. 13, Disney Parks states that the information that supported Plaintiff's selection for layoff is the same as it was on January 31, 2015.

14. Identify any and all non-privileged documents upon which Defendant relied in answering each of the above Interrogatories, and for each such document identified, please provide the Interrogatory Number that each such document relates to.

- 8 -

**ANSWER:** Disney Parks objects to Interrogatory No. 14 on the grounds that it is vague and ambiguous, overly broad, is further unduly burdensome as it calls for identification of "all" documents considered in drafting these responses, is not proportional to the needs of this case, and calls for private information of non-parties to this action. Disney Parks further objects to the extent it impermissibly invades or calls for information protected from disclosure by the attorney-client and/or work product privileges, and/or calls for trade secrets, and/or information that is proprietary or otherwise confidential.

In further responding to Interrogatory No. 14, and pursuant to Fed R. Civ. P. 33(d), Disney Parks refers to documents to be produced in response to Plaintiff's First Request for Production.

15.   Identify all persons who worked for Defendant at the same facility as Plaintiff, fell within the same protected class of persons as Plaintiff under Section 1981 on account of their race and national origin, and were terminated from employment during the last four years. Please give the reasons for each person's termination from employment. Identify all person(s) with knowledge of the information contained in your answer, and identify all documents that support your answer.

**ANSWER:** Disney Parks objects to Interrogatory No. 15 on the grounds it is vague and ambiguous, particularly in its reference to "the same facility as Plaintiff," overly broad, and unduly burdensome. Disney Parks further objects because the interrogatory calls for information not relevant to any claim or defense, is not proportional to the needs of the case, is not reasonably limited in time and calls for private information of persons not parties to this case. In particular, the scope of this interrogatory includes employees, decision makers, and business units that are irrelevant to any claim or defense in this action.

In response to Interrogatory No. 15, Disney Parks does not object to identifying the races identified in EEO-1 reports (if races were identified) of those persons whose positions were affected by the reorganization. Pursuant to Fed R. Civ. P. 33(d), Disney Parks refers to the data to be produced in response to Request No. 25 of Plaintiff's First Request for Production pursuant to a mutually agreeable confidentiality agreement.

STATE OF FLORIDA
COUNTY OF ORANGE

BEFORE ME, the undersigned Notary Public, personally appeared James W. Bowden, Director – Employee Relations, for Walt Disney Parks and Resorts U.S., Inc., who upon being duly sworn, deposes and says that while he does not have personal knowledge of all the facts recited in the foregoing Answers to Interrogatories, the information contained therein has been collected and made available to him by others, and said Answers are true based upon his knowledge and belief, and the information made available to him.

Walt Disney Parks and Resorts U.S., Inc.

By: _____
James W. Bowden
Director – Employee Relations

The foregoing instrument was acknowledged before me this 28 day of April, 2017 by JAMES W. BOWDEN, Director – Employee Relations, for WALT DISNEY PARKS AND RESORTS U.S., INC., a Florida corporation, on behalf of the corporation. He is personally known to me.

_____
NOTARY PUBLIC
MY COMMISSION EXPIRES:



Notary Public State of Florida
Salandra R Johnson
My Commission FF 170518
Expires 10/21/2018